# ARMED SERVICES BOARD OF CONTRACT APPEALS

Appeals of -- )
)
Avant Assessment, LLC ) ASBCA Nos. 58986, 59713
)
Under Contract No. W9124N-10-C-0109 )

APPEARANCES FOR THE APPELLANT: Dirk D. Haire, Esq.
Sean Milani-nia, Esq.
Rachel M. Severance, Esq.
Fox Rothschild LLP
Washington, DC

APPEARANCES FOR THE GOVERNMENT: Raymond M. Saunders, Esq.
Army Chief Trial Attorney
CPT Harry M. Parent III, JA
MAJ Julie A. Glascott, JA
Trial Attorneys

## OPINION BY ADMINISTRATIVE JUDGE MCILMAIL

## INTRODUCTION

Avant Assessment, LLC, (Avant) and the Defense Language Institute Foreign Language Center (government) entered into the contract referenced above for Avant to deliver foreign-language, multiple-choice test items to the government. In ASBCA No. 59713, Avant seeks breach damages for the allegedly improper rejection of test items. In ASBCA No. 58986, the government seeks repayment of advance payments for undelivered test items. We consolidated the appeals for hearing. Only entitlement is before us.

## FINDINGS OF FACT

In September 2010, Avant and the government entered into the contract for the provision of 3,300 foreign-language test items (R4, tab 1). The contract includes Federal Acquisition Regulation (FAR) 52.212-4, CONTRACT TERMS AND CONDITIONS–COMMERCIAL ITEMS (JUN 2010) (R4, tab 1 at 33). In June 2013, the government terminated the contract for cause (R4, tab 7). Avant appealed from the termination, and, in August 2015, we converted it to one for the convenience of the government. *Avant Assessment, LLC*, ASBCA No. 58867, 15-1 BCA ¶ 36,067.

On 29 August 2013, in response to an emailed request from Avant regarding an alleged government overpayment on the contract, the government emailed to Avant a spreadsheet depicting unit prices, original and revised quantities, payments made to Avant, and resulting overpayments totaling $71,572.98 (R4, tab 8 at 1, 4). On 30 August 2013, the contracting officer issued a final decision demanding that Avant pay the government $71,572.98, plus interest if not paid within 30 days (R4, tab 9). Avant timely appealed that decision on 29 October 2013, and the appeal was docketed as ASBCA No. 58986.

On 28 October 2013, Avant presented a certified claim to the contracting officer for $2,094,215.70 in breach damages (R4, tab 268). The contracting officer did not issue a decision on the claim. On 2 December 2014, Avant appealed from the deemed denial of that claim, and the appeal was docketed as ASBCA No. 59713. We consolidated the appeals for hearing, and, in December 2015, conducted a hearing.

Avant filed its post-hearing brief in March 2016, arguing entitlement to breach damages, without addressing the government's overpayment claim (app. br. at 56). The government filed its brief in May 2016, opposing Avant's claim and asserting an overpayment of $71,592.78 (gov't br. at 90-91). In support of its claim the government cited the August 2013 spreadsheet depicting an overpayment in the slightly lesser amount of $71,572.98 (gov't br. at 90 (citing R4, tabs 7, 8)). Avant did not file a reply brief. We find the spreadsheet persuasive.

In July and August 2016 filings, Avant requested dismissal of the appeals, first with prejudice for lack of jurisdiction, and then without prejudice under Board Rule 18. Avant represented that in June 2016, it submitted to the government a termination for convenience settlement proposal (12 July 2016 filing at 6), and that:

> Avant's damages in [ASBCA Nos. 58986 and 59713] (which were filed prior to the termination being converted to a termination for the Government's convenience) are predicated on what Avant would have been entitled to if the Government was found to have breached the contract, and what the Government may have been entitled to if the default termination was allowed to stand. A termination for convenience typically does not constitute a breach of contract. Therefore, now that the Court [sic] ruled that the termination is converted to a termination for the Government's convenience, Avant is entitled to a different measure of damages. Specifically, Avant is entitled to the "reasonable charges the Contractor can demonstrate to the satisfaction of the government using its standard record keeping system." [FAR]

2

52.212-4(m). *This is a different measure of damages than would be appropriate for a proven breach of contract.*

(19 August 2016 mot. at 2-3) (Citations omitted and emphasis added)

## DECISION

*ASBCA No. 59713*

If parties no longer advocate opposing positions, a case is moot and must be dismissed. *Dudley-Barton v. Service Corporation International*, 653 F.3d 1151, 1152 (10th Cir. 2011). As recently as March 2016, Avant claimed entitlement to breach damages in ASBCA No. 59713. The government opposed. However, Avant's current position is that now that the termination has been converted to one for convenience, it is entitled to "a different measure of damages than would be appropriate for a proven breach of contract," specifically (citing FAR 52.212-4), the "reasonable charges the Contractor can demonstrate to the satisfaction of the government using its standard record keeping system." (App. mot. at 3) With that statement, Avant has abandoned its claim to breach damages, effectively aligning itself with the government's position, and rendering the appeal moot. Accordingly, the appeal is dismissed as moot.*

*ASBCA No. 58986*

Avant says that we lack jurisdiction to entertain ASBCA No. 58986 because with the conversion of the termination to one for convenience, the government's overpayment claim has merged into Avant's termination settlement proposal, mooting the appeal (12 July 2016 filing at 4). We disagree. The government's 30 August 2013 overpayment claim includes a component for interest accruing since 2013, making it an independent claim that does not merge into Avant's subsequent termination for convenience settlement proposal. *Cf. James M. Ellett Construction Co. v. United States*, 93 F.3d 1537, 1547 (Fed. Cir. 1996) (conversion to convenience termination did not prevent contractor from pursuing earlier claim submission (including for interest) independently); *Military Aircraft Parts*, ASBCA No. 60290, 16-1 BCA ¶ 36,257 at 176,884 (same). Consequently, we have jurisdiction. Avant relies (19 August 2016 mot. at 3) upon *Genome-Communications*, ASBCA Nos. 57267, 57285, 11-1 BCA ¶ 34,699, for its assertion that we lack jurisdiction, but that appeal did not include a government claim.

The government claims that Avant owes $71,592.78 in reimbursement of the government's advance payment for 126 test items that Avant never delivered (gov't br.

---

* Of course, we express no opinion regarding recovery under FAR 52.212-4; that issue is not before us.

3

at 90). The government has the burden of proof. *Whitesell-Green, Inc.*, ASBCA No. 53938 *et al.*, 06-2 BCA ¶ 33,323 at 165,257. The parties' August 2013 email traffic and the spreadsheet accompanying those emails (none of which Avant addresses) indicate that the government has overpaid Avant and is entitled to a reimbursement. Thus, we deny the appeal. The matter is remanded to the parties for negotiation of the amount to be reimbursed to the government, given the discrepancy between the amounts referenced in the government's brief and its 29 August 2013 email to Avant.

## CONCLUSION

ASBCA No. 59713 is dismissed as moot. ASBCA No. 58986 is denied, and is remanded to the parties for the negotiation of quantum.

Dated: 22 September 2016

TIMOTHY P. MCILMAIL
Administrative Judge
Armed Services Board
of Contract Appeals

I concur

MARK N. STEMPLER
Administrative Judge
Acting Chairman
Armed Services Board
of Contract Appeals

I concur

RICHARD SHACKLEFORD
Administrative Judge
Vice Chairman
Armed Services Board
of Contract Appeals

4

I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA Nos. 58986, 59713, Appeals of Avant Assessment, LLC, rendered in conformance with the Board's Charter.

Dated:

JEFFREY D. GARDIN
Recorder, Armed Services
Board of Contract Appeals